UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| KEVIN LEE LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:20-CV-102-TAV-DCP |
| | ) | |
| ANDERSON COUNTY, TENNESSEE, | ) | |
| SOUTHERN HEALTH PARTNERS, | ) | |
| STATE OF TENNESSEE, | ) | |
| ANDERSON COUNTY | ) | |
| DETENTION FACILITY, and | ) | |
| ANDERSON COUNTY | ) | |
| SHERIFF'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 4].

**I.   APPLICATION TO PROCEED *IN FORMA PAUPERIS***

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 4] will be **GRANTED**.

Because Plaintiff is an inmate at the Anderson County Detention Facility, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate

trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. Plaintiff's Allegations

Plaintiff claims that he has been denied adequate medical and dental care while housed at the Anderson County Detention Facility [Doc. 1 p. 4-6]. Specifically, he claims that he has been denied dentures and/or a soft food tray despite having no teeth, and that has been repeatedly denied medical evaluation and treatment for kidney stones [*Id.*]. He asks the Court to award him monetary damages for his pain and suffering [*Id.* at 7].

## B. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City*

*of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

    **C.**    **Analysis**

First, the Court finds that Plaintiff cannot sustain a § 1983 claim against the State of Tennessee, as under the Eleventh Amendment to the United States Constitution, a State is immune from actions for damages unless its immunity has been abrogated by Congress or expressly waived by the State. U.S. Const. Amend XI; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440 U.S. 332, 320–45 (1979). Tennessee has not waived its immunity. *See Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983). Accordingly, Plaintiff cannot recover monetary damages against Tennessee, and the State will be **DISMISSED**.

Next, the Court notes that Plaintiff has named both the Anderson County Detention Facility ("ACDF") and the Anderson County Sheriff's Office as Defendants. However, neither the County Jail nor the Sheriff's Department is a "person" amenable to suit within the meaning of § 1983. *See, e.g., Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Therefore, Plaintiff cannot maintain suit against these entities, and both ACDF and the Anderson County Sheriff's Office will be **DISMISSED**.

Finally, Plaintiff maintains that Anderson County, Tennessee, and ACDF's contract medical provider, Southern Health Partners, have denied him adequate medical and dental treatment. For either of these entities to be responsible for the violations alleged, Plaintiff must identify a policy or custom that caused his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978) (holding local governments can be sued under § 1983 for constitutional deprivations made pursuant to custom or policy); *Miller v. Sanilac*, 606 F.3d 240, 254-55 (6th Cir. 2010) (holding plaintiff must show that policy or custom of company was "moving force" behind the alleged deprivation of rights to prevail in § 1983 action). The Supreme Court has held:

> Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

*Bd. of County Commr's v. Brown*, 520 U.S. 397, 403-04 (1997) (citation and internal citation omitted).

Liberally construing Plaintiff's complaint, the Court finds Plaintiff's allegations sufficient at this stage to state a plausible claim that Anderson County (as the entity that operates the ACDF) and Southern Health Partners (as ACDF's contract medical provider) have a custom or policy of not providing adequate medical and dental treatment to the inmates in their care. Accordingly, Plaintiff's claims for the denial of adequate medical

and dental care will **PROCEED** as to Defendants Anderson County, Tennessee, and Southern Health Partners.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff's claims that Anderson County, Tennessee, and Southern Health Partners denied him adequate medical and dental care shall **PROCEED**;

6. The Clerk is hereby **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Anderson County and Southern Health Partners;

7. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within **twenty-one (21) days** of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

8. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

9. Defendants shall answer or otherwise respond to the complaint within **twenty-one (21) days** from the date of service. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

10. Defendants State of Tennessee, Anderson County Detention Facility, and Anderson County Sheriff's Office are **DISMISSED**; and

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within **fourteen (14) days** of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE